UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SAXTON, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SONOMA, *et al.*,<br><br>    Defendants. | Case No. 21-cv-09499-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 36, 38 |

Defendants' motion to dismiss the second amended complaint was scheduled for a hearing on August 12, 2022. Pursuant to Civil Local Rule 7-1(b), the Court vacated the hearing. The Court grants limited leave to amend as set forth in this order; the amended complaint shall be filed by **August 30, 2022**.

The Court has reviewed the second amended complaint ("SAC") and concludes that with the inclusion of the newly-added allegations, plaintiffs have stated a claim under the second and third causes of action under 42 U.S.C. § 1983 for unconstitutional policy, practice or policy and inadequate training/policy of inaction.

However, the Court concludes that plaintiffs have not cured the deficiencies the Court previously identified in its April 26, 2022 order with regard to the first cause of action (failure to intervene) or the fourth cause of action (conspiracy to violate civil rights). If plaintiffs discover facts that would support either cause of action, plaintiffs may seek to amend the complaint to reassert these claims. Further, the Court finds that the fifth cause of action for "*Monell*" liability is duplicative of the earlier causes of action and dismisses this cause of action without leave to amend.

With regard to the California state law causes of action, the Court agrees with defendants

1  that California Government Code section 844.6(a) bars those claims against the entity defendants. Section 844.6, titled "Injuries by and to prisoners," provides in relevant part that "a public entity is not liable for: (2) An injury to any prisoner." Cal. Gov. Code § 844.6(a)(2); *see Roy v. Cty. of L.A.*, 114 F. Supp. 3d 1030, 1038 (C.D. Cal. 2015) ("[S]ection 844.6 accords broad public entity immunity and provides that such entities are not liable for an injury to any prisoner.") (internal quotation marks and citations omitted). Further, "[a]lthough a public entity may be vicariously liable for the acts and omissions of its employees (Gov. Code, § 815.2), that rule does *not* apply in the case of injuries to prisoners." *Lawson v. Superior Court*, 180 Cal. App. 4th 1372, 1383 (2010) (citing Cal. Gov't Code § 844.6, emphasis in original). Plaintiffs allege that Ms. Marcotte was in custody when she died, and thus section 844.6 provides the entity defendants with immunity.

The Court also agrees with defendants that the state law claims arising from Mr. Marcotte's death (negligent and intentional infliction of emotional distress) against the entity defendants are barred by section 844.6 immunity. The second amended complaint alleges that Mr. Marcotte committed suicide after learning of his daughter's death, and that "Defendants were so negligent and careless in relation to [Ms. Marcotte] that as a direct and proximate result thereof Mr. Marcotte was caused to and did suffer severe emotional distress as a direct result of the loss of his daughter, culminating in his own death." SAC ¶ 144. Thus, the claims related to Mr. Marcotte's death are all predicated on the injuries to Ms. Marcotte. Plaintiffs have not cited any authority for the proposition that a family member can bring state law claims that the prisoner could not bring directly.

Plaintiffs contend that even if the state law claims against the entity defendants are barred by immunity, they can proceed on these claims against Sheriff Essick and the Doe defendants. The Court agrees. Section 844.6 provides that "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission." Cal. Gov. Code § 844.6(d); *see also Collins v. Cty. of San Diego*, 60 Cal. App. 5th 1035, 1058-59 (2021) (affirming negligence verdict against individual deputies and holding section 844.6 does not immunize individual public employees). The Court finds that as a pleading matter, plaintiffs may proceed on their state claims against the individual defendants, and

2

defendants may renew their arguments about why Sheriff Essick is not liable for these claims on a fuller factual record.

Finally, defendants challenge plaintiff James Clark's capacity to bring any claims based on Ms. Marcotte's death or as a beneficiary of Michael Marcotte's family trust. Defendants note that the second amended complaint alleges that Ms. Marcotte died intestate, and that she was survived by her daughter, M.J. SAC ¶ 7. Pursuant to California Probate Code § 6402, the entirety of Ms. Marcotte's intestate estate passed to her daughter, and thus Mr. Clark does have not standing to bring any claims based on his sister's death. *See* Cal. Prob. Code § 6402; *Soliz v. City of Bakersfield*, No. 1:12-CV-00841-LJO-JLT, 2012 WL 3645358, at * (E.D. Cal. Aug. 21, 2012) ("Only if there is no surviving issue or parent does the remaining intestate estate pass to the siblings of the decedent. . . . Plaintiffs affirmatively allege that Ana Soliz is Decedent's mother. Therefore, Decedent's siblings are not entitled to any portion of Decedent's estate by intestate successions. They do not have standing to pursue a wrongful death claim on behalf of their brother."); *see also Ward v. City of San Jose*, 967 F.2d 280, 284 (9th Cir. 1992) (holding sibling has no constitutionally protected interest in brother's companionship under § 1983). Accordingly, the Court DISMISSES Clark's claims to the extent they are based on his sister's death.

With regard to Michael Marcotte's death, the SAC alleges that Clark is the beneficiary of the Michael Marcotte family trust. SAC ¶ 7. Citing *Saks v. Damon Raike & Co.*, 7 Cal. App. 4th 419, 427 (1992), defendants assert that only the trustee of the trust estate has standing to pursue claims on behalf of the trust estate. *See id.* ("[W]here a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because the trustee has legal title to the cause. . . . The corollary to this rule is that the beneficiary of a trust generally is not the real party in interest and may not sue in the name of the trust.").

Plaintiffs' opposition does not address defendants' arguments except to assert, without elaboration, that Clark has standing. Under California's survival statute, an action may be brought by the decedent's successor in interest or personal representative. *See* Cal. Civ. Proc. Code § 377.30; *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998); *see also Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006) ("Where there is no personal representative

for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law . . . .") (citing Cal. Code Civ. Proc. §§ 377.30, 377.32). The SAC does not allege that Clark is Michael Marcotte's successor in interest or personal representative, and under *Saks* it would appear that being a beneficiary of a trust is insufficient to confer standing. Because the plaintiff has the burden of alleging and proving that he has standing to sue, *see Byrd*, 137 F.3d at 1131, the Court DISMISSES Clark's claims with leave to amend to allege facts showing that he has standing to pursue state law claims based on the death of his father, Michael Marcotte.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:

DENIED as to the second and third causes of action;

GRANTED WITHOUT LEAVE TO AMEND as to the first, fourth and fifth causes of action; if plaintiffs discover facts in support of the first and/or fourth causes of action, they may seek leave to reassert those claims;

GRANTED WITHOUT LEAVE TO AMEND as to the state law claims to the extent those claims are alleged against the entity defendants, DENIED as to Sheriff Essick and the Doe defendants;

GRANTED WITHOUT LEAVE TO AMEND as to Clark's claims arising from his sister's death and GRANTED WITH LEAVE TO AMEND as to Clarks' claims arising from his father's death.

Plaintiffs may file an amended complaint adding new allegations regarding Clark's standing to pursue claims related to Michael Marcotte's death only (or substituting a different plaintiff for those claims) no later than **August 30, 2022**.

**IT IS SO ORDERED**.

Dated: August 17, 2022

SUSAN ILLSTON
United States District Judge