UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA MCGINNIS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, *et al*.,<br><br>Defendants. | Case No. 22-cv-06632-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

Defendant County of Sonoma's motion to dismiss the second amended complaint was scheduled for a hearing on June 2, 2023. Pursuant to Civil Local Rule 7-1(b), the Court determined that the matter is appropriate for resolution without oral argument and VACATED the hearing. For the reasons set forth below, the Court GRANTS the County's motion to dismiss the second cause of action as duplicative. McGinnis shall file a third amended complaint consistent with this order no later than **June 13, 2023.**

**DISCUSSION**

In an order filed March 30, 2023, the Court ruled on defendants' motion to dismiss the first amended complaint. The Court (1) dismissed defendants Sheriff Essick and the Sheriff's Department; (2) instructed McGinnis to clarify the constitutional bases of the first and second causes of action – both brought against the County under 42 U.S.C. § 1983 and *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978) – as well as the capacities in which those causes of action were brought; and (3) held that the *Monell* allegations were insufficient to state a claim. Dkt. No. 25. As to the second issue, the Court noted that the complaint was unclear as to whether McGinnis brought the

first and second causes of action based on a violation of her own rights as the mother of the decedent Amber Marcotte, or as a survivorship claim based on a violation of Marcotte's rights. The Court also noted that the complaint was unclear regarding whether both causes of action alleged a violation of McGinnis's Fourteenth Amendment right to familial association. The Court informed McGinnis:

> Further, because the first cause of action asserts *Monell* liability based on policies and practices and is brought pursuant to the Fourteenth Amendment alleging a violation of McGinnis's rights to familial association, if the second cause of action is also brought pursuant to the Fourteenth Amendment based on a deprivation of familial association, it is not clear to the Court that there is a meaningful difference between the first and second causes of action as they relate to the County. If in fact the first and second causes of action are duplicative, McGinnis should consolidate those allegations into one cause of action.

*Id.* at 3-4. The Court granted McGinnis leave to amend.

On April 14, 2023, McGinnis filed a second amended complaint ("SAC"). Dkt. No. 27.[1] As with the prior complaint, the SAC asserts two causes of action against the County. In the introduction, the SAC states that McGinnis brings this case "for loss of familial association" and that McGinnis seeks damages from defendants "for violating her Fourteenth Amendment rights." *Id.* at p. 1. The first cause of action is titled "Violation of Plaintiff's Fourteenth Amendment [Rights]" and "Loss of Familial Association," *id*. at p. 16, and alleges that the County violated Marcotte's rights in violation of *Monell*. The second cause of action is titled "Unconstitutional Custom, Practice or Policy" and states that it is "Brought by Katrina McGinnis in her Individual Capacity." *Id*. at p. 19. The second cause of action does not identify a constitutional basis for the claim, but does allege that as a result of the County's unconstitutional policies and practices, McGinnis has "experienced severe pain and suffering as a result of the loss of Ms. Marcotte's life" and that McGinnis "has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent and will continue to be so deprived for the remainder of her natural life." *Id*. ¶¶ 89, 91.

The County moves to dismiss the second cause of action as duplicative, arguing that both causes of action are brought by McGinnis in her own capacity and assert violations of McGinnis's

---

[1] Notably, the SAC still lists Sheriff Essick and the Sheriff's Department as defendants. To the extent the SAC asserts causes of action against Sheriff Essick and the Sheriff's Department, those claims are STRICKEN and shall not be reasserted in the third amended complaint.

right to familial association.

McGinnis disagrees and describes the two causes of action as follows:

> [B]oth Plaintiff's first and second causes of action are different and each stand alone. Plaintiff's first cause of action is for loss of familial association. Loss of familial association claims are derivative claims tied to those of a decedent – Ms. MCGINNIS' daughter, Amber Marcotte, in this case. Plaintiff's second cause of action is a *Monell* claim brought in her individual capacity.

Opp'n at 1 (Dkt. No. 32). McGinnis cites various cases for the proposition that claims for loss of familial association are "derivative" claims that arise from an underlying "primary" constitutional violation. *See, e.g.*, *Smith v. City of Fontana*, 818 F.2d 1411, 1420 (9th Cir. 1987) ("Therefore, the same allegation of excessive force giving rise to Mr. Smith's substantive due process claim based on his loss of life also gives the children a substantive due process claim based on their loss of his companionship."), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999); *Rucker v. Harford Cnty., Md.*, 946 F.2d 278, 279 (4th Cir. 1991) ("[I]f there be any constitutional right in one other than a person so injured arising from their intimate familial relationship, the one alleged here could only be a derivative right which fails with failure of the primary claim."). McGinnis argues that the first cause of action "references Amber Marcotte's constitutional claim as the basis (i.e., the tether) for Plaintiff's derivative claim" and that the first cause of action "is not itself a *Monell* claim – it is a loss of familial association claim referencing a violation of Ms. Marcotte's rights under *Monell*." Opp'n at 2-3. McGinnis argues that, in contrast, the second cause of action "is a *Monell* claim brought by Plaintiff in her individual capacity." *Id.* at 3.

There are several problems with McGinnis's arguments. First, McGinnis confuses the concepts of "derivative" versus "primary" constitutional claims with the related – but distinct – issue of whether a family member is bringing a claim for a violation of his/her own right to familial association versus a survivorship action (which must satisfy state law rules regarding who can bring survivorship actions). "Under § 1983, a decedent's survivors may bring a claim for the violation of their substantive constitutional rights or those of the decedent." *Cotta v. Cnty of Kings*, 79 F. Supp. 3d 1148, 1158 (E.D. Cal. 2015), *rev'd in part on other grounds*, 686 Fed. App'x. 467 (9th Cir. Apr. 6, 2017). Thus, a parent – like McGinnis – may bring a § 1983 claim alleging that her right to

3

familial association was violated by the unconstitutional death of her child. Such a claim is brought in the parent's own capacity and is not a survivorship action. *See Kelson v. City of Springfield*, 767 F.2d 651, 653 n.2 (9th Cir. 1985) ("The Kelsons do not sue in their representative capacity on behalf of Brian's estate, nor do they argue that their familial relationship affords them the right to sue on his behalf. Instead, they assert a violation of their parental rights and seek damages to compensate them for loss of their son's companionship and for their own mental distress. Therefore, the survivability of a civil rights action is not at issue in the instant case.").[2] The cases cited by McGinnis explain that when a family member brings a claim for a violation of his/her right to familial association based on the death of a family member, the family member can only prevail on the familial association claim by proving that the death of the family member was unconstitutional. Thus, the first cause of action alleging that the County has violated McGinnis's right to familial association is – and can only be – brought in McGinnis's individual capacity, and to prevail on that claim McGinnis must show, among other things, that the death of her daughter was unconstitutional.

The second problem with McGinnis's arguments is that she incorrectly asserts that the first cause of action "is not itself a *Monell* claim." However, the only remaining non-Doe defendant is the County, and the only way to hold a municipality liable under 42 U.S.C. § 1983 is pursuant to *Monell*. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (Citing *Monell* and stating "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury."). McGinnis cites *Garcia v. County of Napa*, No. 21-CV-03519-HSG, 2022 WL 110650, at *2 (N.D. Cal. Jan. 12, 2022), for the proposition that "A plaintiff can bring both a loss of familial association claim and a *Monell* claim arising from a loved-one's death." Opp'n at 3.[3] While that is correct as a general matter, if a plaintiff seeks to hold a

---

[2] The County's reply asserts that McGinnis's opposition makes "clear that her second cause of action is not based on 'familial' relationships but is a direct claim for her own damages arising out of her daughter Amber Marcotte's death" and that "[a]s such, Plaintiff seeks to assert a wrongful death claim," which the County contends McGinnis cannot do. However, a parent's claim for loss of familial association *is* a claim for the parent's own damages arising from the death of his/her child. *See Kelson*, 767 F.2d at 653 n.2 (parents' claim for violation of familial association sought damages "to compensate them for loss of their son's companionship and for their own mental distress").

[3] In *Garcia* the plaintiffs' first cause of action for loss of familial association was brought

4

municipality liable for loss of familial association, such a claim must be brought pursuant to *Monell*. *Cf. Schwartz v. Lassen Cnty. ex rel. Lassen Cnty. Jail (Det. Facility)*, 838 F. Supp. 2d 1045, 1058 (E.D. Cal. 2012) (denying motion to dismiss *Monell* claim brought by decedent's mother against Lassen County alleging loss of her son's companionship.").

The first and second causes of action are brought in McGinnis's individual capacity and allege the same constitutional injury against the same municipal defendant, and thus the causes of action are duplicative. However, the specific allegations contained in the two causes of action are not entirely identical, and it is not obvious to the Court whether any of the differences are meaningful. As such, the Court GRANTS the County's motion and directs McGinnis to file a third amended complaint asserting a single cause of action pursuant to *Monell* alleging that the County has violated McGinnis's right to familial association based on the unconstitutional death of her daughter. The single cause of action shall combine, in a non-duplicative manner, the allegations of the first and second causes of action of the SAC, and shall not list Sheriff Essick or the Sheriff's Department as defendants. The third amended complaint must be filed no later than **June 13, 2023.**

## CONCLUSION

For the reasons stated above, the Court GRANTS the County's motion to dismiss and directs McGinnis to file a third amended complaint consistent with this order no later than June 13, 2023.

**IT IS SO ORDERED**.

Dated: June 6, 2023

_____
SUSAN ILLSTON
United States District Judge

---

solely against individual defendants, while the *Monell* claims were brought against the County. *See* Dkt. No. 18 in *Garcia*, Case No. 21-03519 HSG.