GLENN AGRE BERGMAN & FUENTES LLP
LYN R. AGRE (CASBN 178218)
EDWARD E. SHAPIRO (CASBN 326182)
BURKE E. STRUNSKY (CASBN 203582)
580 California Street, Suite 1420
San Francisco, CA 94104
Telephone: (332) 233-5784
lagre@glennagre.com
eshapiro@glennagre.com
bstrunsky@glennagre.com

LAW OFFICES OF ELIZABETH GROSSMAN
ELIZABETH GROSSMAN (CASBN 104483)
1010 Grayson St.
Berkeley, CA 94710
Telephone: (510) 548-5106
office@elizabethgrossmanlaw.com

*Attorneys for Plaintiff* SAXTON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELLE SAXTON, as Guardian ad Litem for M.J., a minor; ESTATE OF AMBER MARCOTTE; KATRINA McGINNIS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA; SONOMA COUNTY BOARD OF SUPERVISORS; SONOMA COUNTY SHERIFF'S DEPARTMENT; SONOMA COUNTY SHERIFF MARK ESSICK, DOES 1-50 inclusive,<br><br>Defendants. | CASE NO. *21-CV-09499-SI*<br><br>**DECLARATION OF LYN R. AGRE IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS PURSUANT TO FED. R. CIV. P. 37(e)(2) DUE TO DEFENDANTS' INTENTIONAL SPOLIATION OF EVIDENCE** |

- 2 -

Lyn R. Agre, declare as follows:

1. I am an attorney licensed to practice law in all Federal and State Courts in California.

2. I am counsel for Plaintiffs Michelle Saxton, as Guardian ad Litem for M.J., and the Estate of Amber Marcotte.

3. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

4. On April 22, 2021, I sent a letter via email to the Sonoma County Sheriff's Office, requesting the preservation and disclosure of all reports, records, and evidence related to the death of Ms. Marcotte. A true and correct copy of this letter is attached hereto as **EXHIBIT 1**.

5. On April 27, 2021, I sent a letter to the Sonoma County Board of Supervisors, reiterating the request for preservation of all relevant evidence concerning Ms. Marcotte's death. This letter also included a formal claim under Cal. Gov't Code § 910 et seq. A true and correct copy of this letter is attached hereto as **EXHIBIT 2**. The government claim was rejected by the County of Sonoma in a letter mailed on June 11, 2021.

6. On July 12, 2021, I sent another letter to the Sonoma County Counsel, emphasizing the necessity of a litigation hold and demanding the preservation of all documents, electronically stored information, and other evidence related to Ms. Marcotte's death. A true and correct copy of this letter is attached hereto as **EXHIBIT 3**.

7. Sonoma County Investigator Kyle Petersen wrote on the first page of his report that the criminal investigation into Ms. Marcotte's death began on October 29, 2020, and the last entry in that report is February 9, 2022.

8. Sonoma County Sheriff Sergeant Brett Kidder wrote on page two of his report that he was assigned the administrative investigation into Ms. Marcotte's death on March 1, 2021, and completed that investigation on January 23, 2023.

9. A true and correct demonstrative timeline of the relevant dates listed above is attached hereto as **EXHIBIT 4**.

10. Plaintiffs have repeatedly sent discovery requests, explicitly requesting all

communications from all Defendants, including the Sonoma County Sheriff's Department and its former Sheriff, Essick, regarding the death of Ms. Marcotte and the subsequent investigations.

11. On July 9, 2024, I received a response to my meet and confer letter regarding the preservation of email from Marshall Bluestone, counsel for Defendants. A true and correct copy of this letter is attached hereto as **EXHIBIT 5**.

12. Other than the 14 emails preserved by Sonoma County Assistant District Attorney Thomas Gotshall, the only emails Plaintiffs have received from the Sonoma County Sheriff's Office in this case are 27 emails provided by Lieutenant Bryan Cleek shortly before his deposition on October 17, 2023. These emails exclusively concerned the installation of a new body scanner at MADF. Lieutenant Cleek testified in his deposition that he did not have any emails related to the October 29, 2020 death of Ms. Marcotte. A true and correct copy of that section of Lieutenant Cleek's deposition is attached hereto as **EXHIBIT 6**.

13. Sheriff Eddie Engram testified during his deposition that he did not recall sending any emails regarding Ms. Marcotte's death and had no contact with Detective Kyle Petersen, the lead criminal investigator, about the investigation. However, Sheriff Engram admitted that he regularly sent emails. When asked about the Sonoma County Sheriff's Department's email retention policy, Sheriff Engram stated that he believed the retention period was "60 days." He further testified that, although he assumed a litigation hold would have been issued in this matter, he did not recall receiving one. When questioned specifically whether County Counsel typically imposed a litigation hold following the death of an inmate, Sheriff Engram responded that he was not "aware of any incidents where it has not happened." A true and correct copy of those sections of Sheriff Engram's deposition are attached hereto as **EXHIBIT 7**.

14. On August 22, 2024, in his deposition for this case, Defendant Mark Essick, the former Sheriff of Sonoma County, testified that he has no memory of County Counsel ever issuing a litigation hold concerning the death of Ms. Marcotte. Furthermore, despite knowing that this lawsuit had been filed and having a practice of sending "blast" emails ordering his staff to preserve communications when a litigation hold is implemented, Mr. Essick testified that he neither

- 3 -

**DECLARATION OF LYN R. AGRE IN SUPPORT OF PLAINTIFFS'
MOTION FOR TERMINATING SANCTIONS
CASE NO. *21-CV-09499-SI***

preserved any of his emails related to Ms. Marcotte's death or those investigations nor ordered the preservation of any emails from his staff, including those directly involved in those investigations.

15. In total, Plaintiffs have not received a single email from any Sonoma County Sheriff's Department employee regarding the circumstances of Ms. Marcotte's death or the two investigations into her death, whether sent or received by then-Sonoma County Sheriff Mark Essick, a Defendant in this case; current Sonoma County Sheriff and former Assistant Sheriff over the jails, Eddie Engram; the lead criminal investigator into Ms. Marcotte's death, Kyle Petersen (except for the 14 emails preserved by ADA Gotshall); Sergeant Brett Kidder, the lead investigator on the Sheriff's administrative investigation into Ms. Marcotte's death; or any staff member in booking or any other staff member at MADF.

16. A true and correct copy of a letter I received on or about May 9, 2022, from the Sonoma County Sheriff's Department in response to a public records request is attached hereto as **EXHIBIT 8**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 26, 2024, in San Francisco, California.

                                                            */s/ Lyn R. Agre*
                                                           LYN R. AGRE