**EXHIBIT 3**

## GLENN AGRE BERGMAN & FUENTES LLP

Lyn R. Agre
large@glennagre.com
44 Montgomery St., 41st Floor
San Francisco, CA 94104
(415) 358-6444

July 12, 2021

Sonoma County Counsel
575 Administration Dr., # 105A
Santa Rosa, CA 95403
(707) 565-2421

Re: Potential Claims re Amber Marcotte

To the Sonoma County Counsel:

We are legal counsel for Michael Marcotte and James Clark, the daughter and brother of decedent Amber Marcotte, who are seeking legal redress for the wrongful death of Ms. Marcotte in the Sonoma County Jail on October 29, 2020. As you are aware, we have previously filed a claim under the California Government Code which the County rejected.

By this letter, we provide formal notice that Sonoma County, its employees, agents, or third-parties controlled by or affiliated with the County, are legally obligated to preserve all documents, electronically-stored information ("ESI") and other evidence related in any way to Ms. Marcotte's death, including without limitation, all documents and communications and all electronic media, such as video or audio recordings.

As part of your document preservation obligations, you should, among other things: (a) identify all relevant custodians and ensure that all their potentially relevant documents and ESI are preserved by providing to each such custodian a proper written "litigation hold" that advises them of the legal claims on behalf of Ms. Marcotte's family and their legal obligation to preserve evidence; (b) cease auto-deletion of all potentially relevant documents and ESI; (c) preserve data-storage media that either are the sole source of potentially relevant information or that relate to relevant custodians; and (d) periodically re-issue the written litigation hold to the relevant individuals and personnel.

At a minimum, the litigation hold should advise the custodians of the following: In the case of ESI, you should ensure that all relevant or potentially relevant emails, text messages, or other forms of electronic communication are not deleted from the custodians' electronic devices, accounts, inbox or outbox, or their personal or public folders, and that any documents, video files, or audio files saved in electronic form, wherever located be preserved. With respect to video and audio recordings, it seems apparent the County and/or the Sheriff is in possession of jail security camera footage

New York
San Francisco
www.glennagre.com

GLENN AGRE BERGMAN & FUENTES LLP

Sonoma County Counsel
July 12, 2021
Page 2 of 4

recorded in the hours surrounding Ms. Marcotte's death, and any such recordings are required to be preserved as evidence. In the case of paper records, you should ensure that any relevant or potentially relevant document is preserved in its current form. Custodians should be advised that litigation hold applies not only to the County's computers and electronic devices and accounts (such as email accounts), including but not limited to desktops, laptops, servers or other networks, but also to personal electronic accounts and computers, home computers, personal laptops, smart phones, cameras or other recording devices, tablets and any other personal hand-held, mobile or home electronic device (e.g. voice mail, etc.), including all email accounts, text messages or instant-messaging records. The duty to preserve extends to metadata of electronic records, and you are required to take steps to ensure that metadata, too, is not altered or destroyed. In that regard, all emails and text messages should be (i) printed out and maintained in a hard copy file, and (ii) saved to a folder where they will not be automatically deleted or altered. You should ensure that no documents are destroyed, altered or modified and no additions or changes should be made to any relevant or potentially relevant documents or data. When in doubt about whether a particular item should be preserved, you should err on the side of preservation.

In particular, claimants request that the County of Sonoma take all required actions to preserve the following materials:

(1) All pertinent Sonoma County Jail records, including but not limited to:
   a. All video recordings of the interior of the women's jail from October 28 and 29, 2020.
   b. All records of the jail financial accounts (or "books") of inmates Amber Marcotte and Tiffany Pimentel (Ms. Marcotte's cellmate).
   c. All visitor logs for inmates Amber Marcotte and Tiffany Pimentel for the period of October of 2020.
   d. All audio recordings of phone calls or visits involving inmates Amber Marcotte or Tiffany Pimentel, for the entire period of their term of incarceration.
   e. All administrative records regarding inmates Amber Marcotte and Tiffany Pimentel, including disciplinary actions, work assignments, medical requests, exams and treatment, and records of mail sent or received.
   f. All women's jail cell assignments for the date of October 28, 2020.
   g. All Sheriff and staff assignments at the women's jail for the date of October 28 and 29, 2020.
   h. The names and schedules of all jail personnel, whether civilian or Sheriff's Department employees, who worked in the unit or tier or otherwise designated area of the women's jail where Ms. Marcotte was housed during the period of October 15, 2020, through October 29, 2020.
   i. All photos or video recordings of the scene of Amber Marcotte's death.

GLENN AGRE BERGMAN & FUENTES LLP

Sonoma County Counsel
July 12, 2021
Page 3 of 4

j. All entry and exit logs of investigators or staff who entered the scene of Ms. Marcotte's death on October 29, 2020.
k. All charts, diagrams, drawings, evidence logs, photos of evidence, or other reports concerning the investigation of the scene of Ms. Marcotte death.

(2) All pertinent Sonoma County Sheriff's records, including but not limited to the following:
   a. All reports, photos, records, lab reports, recordings of witness interviews, emails, text messages, records of communications including emails and text messages, or any other relevant records or data, no matter how preserved, created during the course of the Sonoma County Sheriff's investigation of the death of Amber Marcotte;
   b. All records of prior investigation of Sonoma County Sheriff's Department employees or jail staff who worked at or were employed by the Sonoma County Jail on October 28, 2020.
   c. All records related to Sheriff's Department investigations of narcotics possession or trafficking at the Sonoma County Jail between May 1, 2020, and December 31, 2020.
   d. Disciplinary complaints and records (i.e. "Pitchess materials") for all Sheriff's Department personnel who worked as the jail as of October 28, 2020, for the period of the previous five years.
   e. All records of Sheriff's Department radio traffic and emergency dispatch records for the period of 11:00 p.m. on October 28, 2020, to 11:00 a.m. on October 29, 2020.
   f. All records of calls for ambulance, EMT, Fire Department or paramedic service at the Sonoma County Jail on October 28 and 29, 2020.
   g. All reports of interviews of inmates or staff at the Sonoma County Jail in relation to the investigation of Ms. Marcotte's death or drug trafficking at the jail in the year 2020.

Nothing contained in or omitted from this letter is, or should be construed as, a limitation, restriction or waiver, express or implied, of any of our client's rights and remedies in connection with any of the matters raised herein, all of which are expressly reserved.

You are legally required to take appropriate measures and our client is entitled to and expects your prompt compliance with this preservation demand. So that we may seek appropriate injunctive relief, if necessary, please advise us by August 2, 2021, if you will agree to take steps to preserve the above material.

Regards,