UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SAXTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 21-cv-09499-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL AND TO STAY**<br><br>Re: Dkt. No. 209 |

    Trial is scheduled to begin on August 11, 2025. On June 17, 2025, the Court issued an order granting in part and denying in part defendants' motion for summary judgment. The Court held that defendant Sheriff Essick is entitled to qualified immunity on plaintiffs' § 1983 claims, and granted summary judgment in favor of defendants on the Estate of Amber Marcotte's negligence claims based on failure to file a tort claim. The Court denied defendants' motion for summary judgment on plaintiffs' *Monell* claims and plaintiff M.J.'s negligence claims.

    On July 8, 2025, defendants filed a motion seeking certification of two questions for interlocutory appeal and to stay this case pending any interlocutory appeal. Defendants seek interlocutory appeal of two issues related to the *Monell* claims and frame the issues as follows: (1) Whether an alleged failure to prevent drugs from being unlawfully brought into a jail and consumed by an inmate without the knowledge of any jail employee is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment; and (2) Whether a plaintiff must establish a deprivation of a constitutional right for purposes of *Monell* liability under both an objective and subjective standard. Motion at 3. Plaintiffs oppose the motion.

    Interlocutory orders, such as orders on motions for summary judgment, are generally not immediately appealable. *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). However, 28 U.S.C. § 1292(b) permits a district court to certify an order for interlocutory appellate

review where the order involves (1) "a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *accord In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). "[T]he party pursuing the interlocutory appeal bears the burden of . . . demonstrating" that all three requirements have been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Moreover, "[c]ertification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Id*. "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James*, 283 F.3d at 1067 n.6. Accordingly, section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Cement Antitrust Litig.*, 673 F.2d at 1026.

The Court concludes that defendants have not demonstrated that the requirements for interlocutory appeal are met. Defendants' first question is not a controlling question of law, but rather a mixed question of law and fact. As the Court's summary judgment order noted, plaintiffs' *Monell* claims are based upon the theory that MADF failed to implement procedural safeguards to prevent constitutional violations and that MADF was on actual or constructive notice that its failures would likely result in a constitutional violation. The Court found that there were triable issues of fact as to whether county policymakers were on actual or constructive notice of the various deficiencies in the polices identified by plaintiffs and on actual or constructive notice that those deficiencies were substantially likely to result in the death of an inmate due to a fentanyl overdose. The factual record, viewed in the light most favorable to plaintiffs, shows *inter alia* that shortly before Marcotte's death, another inmate overdosed from fentanyl; that MADF staff were aware that contraband could enter MADF through the booking area via inmate workers; MADF's body scanner was inoperable during the relevant time period and MADF did not use any alternative measures; pat and strip searches were not always performed on inmate workers; and that a reasonable interpretation of the surveillance video footage of the book/wait area on October 28, 2020 shows that there was little to no supervision of inmate worker Pimentel while she was working and that MADF deputies either did not notice what was going on in the book/wait area or did notice and took no action, including while Pimentel interacted with recent arrestees Navarro and Thompson and when all three individuals were visibly intoxicated. The factual questions are intertwined with the

legal questions, and thus defendants' first question is not suitable for interlocutory appeal.

As to defendants' second question, defendants have not identified a substantial ground for difference of opinion. As the Court stated in the summary judgment order, Ninth Circuit authority holds that an objective standard applies to an Eighth Amendment *Monell* claim because municipalities, unlike individuals, do not have a state of mind. Summary Judgment Order at 12-13; *see Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248-49 (9th Cir. 2016) (objective standard applies to Eighth Amendment claim against county); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016). All of the cases relied upon by defendants – both on summary judgment and in the current motion – to argue that there is also a subjective element for liability involve claims against individual prison officials; none involve claims against municipalities.

In addition, an immediate appeal will not materially advance the ultimate termination of the litigation. As plaintiffs note, defendants do not seek certification on plaintiffs' state law negligence claims, and those claims are factually inextricably intertwined with the *Monell* claims. Regardless of the disposition of the *Monell* claims, plaintiffs' negligence claims remain.

Defendants' motion is DENIED.

**IT IS SO ORDERED**.

Dated: July 11, 2025

SUSAN ILLSTON
United States District Judge