UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SAXTON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>    Defendants. | Case No. 21-cv-09499-SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER**<br><br>Re: Dkt. Nos. 214-230, 234, 251 |

On July 28, 2025, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning August 11, 2025. All parties were represented by counsel. The following matters were resolved:

**1.**      **Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges.

**2.**      **Jury questionnaires and voir dire:** The jury office will provide the Court and counsel with copies of the completed juror questionnaires on August 4, 2025. The parties shall meet and confer and inform the Court no later than August 6, 2025 at 5:00 p.m. of any agreed-upon excusals for cause. Prior to jury selection, the Court will inform the jury office of any pre-excused jurors.

Jury selection will be held on August 11, 2025 at 9:00 a.m. The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 45 minutes total to question the panel.

**3.**      **Jury instructions:** The Court received proposed jury instructions from the parties, reflecting

some differences and disagreements of the parties. The Court will hold a jury instruction conference at some point during the trial prior to closing argument to finalize the substantive instructions.

**4.     Trial exhibits:** No later than Friday, August 8, at 3:00 p.m. the parties shall submit their trial exhibits, in binders with an index and numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses). The parties shall also file updated, reformatted exhibit lists prior to the first day of trial.

**5.     Timing and structure of trial:** Trial will be bifurcated into liability and damages phases. The Court will set the matter for a 13 day trial (10 days for liability, 3 days for damages), as follows: for the liability phase, each side shall have up to 45 minutes to present opening statements; each side shall have 20 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument. If there is a damages phase, each side shall have 30 minutes for opening statements; 15 hours for presentation of evidence; and 30 minutes for closing arguments.

**6.     Trial schedule:** Jury selection will begin on August 11, 2025, at 9:00 a.m. The trial day runs from 9:00 a.m. until 4:00 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break around noon and a 15 minute break at 2:00 p.m., all times approximate. The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays. The parties should be prepared to give opening statements on August 11, 2025. As the Court advised counsel, the undersigned judge is scheduled to report for jury duty on September 5, 2025.

**7.     Motions in limine:** Plaintiffs filed 8 motions in limine and defendants filed 17 motions in limine. The Court GRANTS plaintiffs' administrative motion to exceed page limits on the opposition briefs. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

2

Plaintiffs' Motion No. 1 To Exclude Evidence of Amber Marcotte's Criminal History and Acts of Domestic Violence: **GRANTED** as to the liability phase and **DENIED** as to damages phase, without prejudice to specific evidentiary objections during the damages phase. However, the jury will be told in the liability phase that Marcotte was in custody based in part on a drug offense.

Plaintiffs' Motion No. 2 To Admit Summary Chart of Sonoma Jail Surveillance Video: the Court will **DEFER** ruling on this motion pending the parties' meet and confer.

Plaintiffs' Motion No. 3 To Exclude Testimony of Tiffany Pimentel: **DENIED**. If Pimentel testifies live and invokes the Fifth Amendment, the Court will address that matter at trial, including by giving an adverse inference jury instruction. If Pimentel does not testify live and the parties use her deposition testimony, the Court will give an adverse inference jury instruction.

Plaintiffs' Motion No. 4 To Exclude or Sanitize Prior Felony Convictions of Certain Witnesses: **GRANTED** as to Niehoff's 2015 convictions; the ruling on Castillo's 2011 conviction for "preventing witness testimony" is **DEFFERED** pending further information from plaintiffs regarding that conviction. **GRANTED** as to felony convictions less than 10 years old; the fact that these witnesses have felony convictions can come into evidence, but details about those convictions will be excluded. Evidence of misdemeanor convictions will also be excluded.

Plaintiffs' Motion No. 5 To Exclude Expert Witness Carla Maus: **GRANTED** as to the liability phase. The Court will **DEFER** ruling on the admissibility of Ms. Maus's testimony until the damages phase.

Plaintiffs' Motion No. 6 To Admit Party Admissions in Incident Reports: **GRANTED** provided that plaintiffs demonstrate that the statements qualify as party admissions and without prejudice to specific evidentiary objections at time of trial.

Plaintiffs' Motion No. 7 To Exclude Expert Robert Kaufman Ph.D.: **DENIED**. Plaintiffs' objections go to the weight of Dr. Kaufman's opinions and not the admissibility, and plaintiffs can explore these issues on cross-examination during the damages phase.

Plaintiffs' Motion No. 8 To Admit Opinion Testimony Regarding Signs of Intoxication: **GRANTED**.

Defendants' Motion No. 1 to Exclude Testimony from District Attorney Witnesses Scott

1    Jamar and Thomas Gottschall : **DENIED** without prejudice to specific evidentiary objections at the

2    time of trial and subject to an offer of proof by plaintiffs prior to any testimony.

3          Defendants' Motion Nos. 2-5: **DENIED** without prejudice to specific evidentiary objections

4    at the time of trial.  The witnesses will be permitted to testify about their experiences as inmates at

5    MADF, and they may not provide testimony that is speculative, lacking foundation or based on

6    hearsay.

7          Defendants' Motion No. 6 to Exclude Live Testimony from Deputy Stargett: The parties

8    state that this matter has been resolved.

9          Defendants' Motion No. 7 to Exclude Lay Opinions About Whether Pimentel, Thompson

10   and Navarro appeared Intoxicated: **DENIED**.

11         Defendants' Motion No. 8 to Exclude Opinions/Conclusions from Sheriff's Investigation of

12   Subject Inquiry: **DENIED** without prejudice to specific evidentiary objections at the time of trial.

13   Witnesses may testify as to their personal involvement in the investigation and what opinions and

14   conclusions they drew from that investigation.

15         Defendants' Motion No. 9 to Exclude Evidence of Media Article as Evidence of the

16   Availability of a Drug K9 at MADF:   **GRANTED** as to the article, however witnesses may be

17   questioned about a K9 dog at MADF.

18         Defendants' Motion No. 10 to Exclude Evidence of Media Article Regarding Alleged

19   Knowledge of Risk of Fentanyl in Community and MADF:   **GRANTED** as to the article, however

20   witnesses may be questioned about their knowledge of the risk of fentanyl in the community and

21   the risk of fentanyl entering MADF.

22         Defendants' Motion No. 11 to Exclude Argument, Reference or Claim for Punitive Damages

23   or Punishing Defendants:  No. 11:  **GRANTED** as to liability phase.  At the conclusion of the

24   liability phase, the Court will determine whether there is a factual basis to proceed on a claim for

25   punitive damages against defendant Essick.

26         Defendants' Motion No. 12 to Exclude expert Phillip Stanley's Opinions Regarding Strip

27   Searches: **DENIED**.  Defendants' objections go to the weight of Mr. Stanley's opinions and not the

28   admissibility, and defendants can explore these issues on cross-examination.  In addition, plaintiffs

United States District Court
Northern District of California

state that Mr. Stanley will not provide legal opinions regarding the Fourth Amendment or what constitutes deliberate indifference.

Defendants' Motion No. 13 to Exclude Unfounded Accusations/Questions about Lenard Vare's Education and Employment Background: **DEFERRED** pending an offer of proof from plaintiffs prior Mr. Vare testifying.

Defendants' Motion No. 14 to Exclude Any Reference, Argument or Claim about Special Damages: **DENIED**.

Defendants' Motion No. 15 to Exclude All Evidence or Argument Regarding Pimentel's Background, Including Prior Arrests, Convictions and Jail Incident Reports: **GRANTED** as to 12/11/22 incident report because that incident occurred two years after Marcotte's death; **DENIED** without prejudice to specific evidentiary objections at the time of trial as to the balance of the motion because the evidence is relevant to MADF's decision to allow Pimentel to be a booking worker,

Defendants' Motion No. 16 to Exclude Any Testimony or Argument that the County Deleted or Destroyed Evidence: **DENIED** without prejudice to specific evidentiary objections at the time of trial. The facts about the timing and scope of the County's litigation hold may come into evidence, as can the department's practices about use of email. Similarly, if MADF failed to preserve Pimentel's Property Request Forms, that subject may be explored through witness testimony.

Defendants' Motion No. 17 to Exclude Negligence Arguments Barred by Discretionary Immunity Aside from Arguments About the Scanner: **DENIED** as defendants have not met their burden to show that other acts of alleged negligence are immunized.

**IT IS SO ORDERED**.

Dated: July 28, 2025

_____
SUSAN ILLSTON
United States District Judge